## Kentucky Coal and Timber Development Company v. Carroll Hardwood Lumber Company.

(Decided December 17, 1912.)

### Appeal from Breathitt Circuit Court.

1. Injunctions—Order of Circuit Court Dissolving Injunction—Motion to Revive Order.—When the circuit court by his final judgment dissolves an injunction, and an appeal is taken and a motion made to continue the injunction in force pending the appeal, the circuit court should determine whether the injunction should be continued in force pending the appeal, and if it is continued, on what terms. The motion may then be made in twenty days before the Court of Appeals, or a judge thereof in vacation, to revise the order of the circuit court.

2. Injunctions—Motion to Revise Order—Transcript.—On a motion made within twenty days to revise the order of the circuit court, the appellant should produce a transcript of the record or so much of it as is material to the injunction, as the purpose of the statute is to give the court a discretion, and this cannot be exercised intelligently in the absence of the record relating to the injunction.

HAZELRIGG & HAZELRIGG, J. J. C. BACH and GRANNIS BACH for appellant.

O'REAR & WILLIAMS, McQUOWN & BECKHAM, GEO. FLEENOR, O. H. POLLARD and CHESTER GOURLEY for appellee.

Opinion of the Court by Chief Justice Hobson—
Sustaining Injunction.

Section 747 of the Code is as follows:

"An appeal shall not stay proceedings on the judgment unless a supersedeas be issued. The provisions of the Civil Code concerning supersedeas on appeals shall not apply to judgments granting, modifying, perpetuating or dissolving injunctions. When an appeal shall be taken from any judgment, granting, modifying, perpetuating or dissolving any injunction, the court which rendered the judgment may, in its discretion, if the ends of justice so require, at the time the appeal is taken, make an order suspending, modifying or continuing the injunction during the pendency of the appeal, upon such terms as to bond or otherwise as may be proper for the security of the rights of the opposite party. Either party, within twenty days after the entry of such order, may take a transcript of the record, or all parts thereof appertaining to the injunction, and upon reasonable notice in writing to the opposite party, move the Court of Appeals, or, if in vacation, any judge thereof, to revise the order of the lower court, and finally determine how far the injunction shall be suspended, modified or continued pending the appeal. Pending such application to the Court of Appeals or judge thereof, but not longer than for twenty days, the status existing immediately before the entry of the judgment appealed from shall be maintained, and the lower court shall so provide in the judgment upon the request of either party. If, at any time, upon reasonable notice to the party affected, it be made to appear that the sureties upon the bond required in the court below are insufficient, the Court of Appeals, or a judge thereof in vacation, may set aside the order suspending, modifying or continuing the injunction pending the appeal, unless sufficient surety be furnished by a day fixed by the court or judge."

The Kentucky Coal and Timber Development Company brought this suit against the Carroll Hardwood Lumber Company and others enjoining them from cutting timber from certain lands alleged in their petition to be the property of the plaintiff. An answer was filed by the Carroll Hardwood Lumber Company denying the plaintiff's title to the land and asserting title in it thereto. An injunction was taken out by the plaintiff. On the trial of the case before a jury, there was a ver-

dict and judgment in favor of the plaintiff as to a part of the land and in favor of the defendant as to the remainder of it, and the court entered an order dissolving the injunction as to the lands which were adjudged to the defendant. The plaintiff excepted and prayed an appeal, and on its motion the injunction granted in the action was continued in force for a period of forty days pending the appeal. A motion has been entered before us within twenty days to continue the injunction in force pending the appeal. When this motion was entered only a transcript of the pleadings and the orders made in the case had been filed and since then and within the forty days the appellant has tendered and moved to file a copy of the transcript of the evidence heard on the trial.

The circuit court in the order which it entered did not follow the statute as we construe it. Under the statute if the ends of justice so require, the court which makes the judgment dissolving an injunction, may in its discretion make an order continuing the injunction in force during the pendency of the appeal upon such terms as to bond or otherwise as may be proper, and when the court has entered such an order or has refused to so order, either party within twenty days after the entry of the order which the court makes, may take a transcript of the record or all parts thereof appertaining to the injunction, and upon reasonable notice in writing to the opposite party, move this court, or, in vacation, any judge thereof, to revise the order of the lower court and finally determine how far the injunction shall be continued pending the appeal. In other words the intention of the statute is that the circuit court shall decide in the first place whether the injunction shall be continued during the appeal, and on what terms it shall be continued; and then either party dissatisfied with the ruling of the circuit judge, may have his action revised by this court or a judge thereof, in vacation. It is not the intention of the statute that this court should be called upon in the first instance to pass on the question whether the injunction should be continued in force during the appeal. The circuit judge did not follow the statute in making an order continuing the injunction in force for forty days. But this error will not prejudice the rights of the parties to have a proper order made in this court, timely application having been made here.

It will be observed that under the statute the party who brings the appeal here, must bring "a transcript of

the record or all parts thereof appertaining to the injunction." While on a motion of this sort, the court will not try the merits of the controversy, the statute must be followed in order that the court may intelligently pass on the motion. The purpose of the statute is to give the court a discretion as to continuing the injunction in force, and it must have enough of the record before it to show that the plaintiff at least had probable grounds for the taking out of the injunction. It was not the intention of the statute in a case like this that the injunction should be continued in force where the appeal was prosecuted simply for delay, and the plaintiff's case was wholly without semblance of merit.

The plaintiff's motion to file the transcript of the evidence is sustained, and it appearing therefrom that the record presents not a few difficult questions of law, the court will not on this motion, consider or pass upon the merits of the case, and in order that the rights of the parties may be preserved until the final hearing of the action, the injunction will be continued in force pending the appeal. No substantial harm can come to either of the parties from this if both of them will co-operate with the court in bringing the case to a speedy conclusion, and if this is not done the court will make such further order as equity requires.

Motion to file the transcript and to continue the injunction in force sustained.